IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMONT RAMSEURE and JARMAR PAUL, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CHRISTINE M. FONTANA COMPANIES, LLC, AVIS BUDGET CAR RENTAL, LLC<br>BUDGET RENT A CAR SYSTEM, INC.<br><br>　　　　　　　　　　　　　　Defendants. | CIVIL ACTION<br>COLLECTIVE ACTION COMPLAINT<br><br>ELECTRONICALLY FILED ON<br>January 9, 2020<br><br>Civil No.: 1:20-cv-27<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF CASE

Plaintiffs DEMONT RAMSEURE and JARMAR PAUL ("Plaintiffs"), by their attorneys, on behalf of themselves and other similarly situated individuals, bring individual actions against Defendants CHRISTINE M. FONTANA COMPANIES, LLC, AVIS BUDGET CAR RENTAL, LLC, and BUDGET RENT A CAR SYSTEM, INC. for (1) violations of New York Labor Law, N.Y. LAB. LAW §§ 190, *et seq.*, as well as 12 N.Y. COMP. CODES R. & REGS.142-2.1 and 12 N.Y. COMP. CODES R. & REGS.142-2.2; (2) N.Y. LAB. LAW §§ 195 *et seq.*; (3) Breach of the implied covenant of good faith and fair dealing; and (4) the doctrine of unjust enrichment. Plaintiff, DEMONT RAMSEURE also brings a collective action under the federal Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq*.

## JURISDICTION AND VENUE

1. Plaintiff Demont Ramseure is an adult resident of Buffalo, New York. Since approximately April of 2018, Ramseure has worked for Defendants at its location at 1477 Main Street, Buffalo, New York and is an employee as that term is defined in the New York Labor Law §§ 190, *et seq* and Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

2.      Plaintiff, Jarmar Paul, is an adult resident of Niagara Falls, New York. Since approximately June of 2018, Paul has worked for Defendants at its location at 1477 Main Street, Buffalo, New York and is an employee as that term is defined in N.Y. LAB. LAW §§ 190, *et seq* and Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

3.      Defendant Christine M. Fontana Companies, LLC, is a limited liability company duly formed under the laws of the State of New York, with its headquarters in Williamsville, New York.  Defendant Christine M. Fontana Companies, LLC, conducts business through two rental car locations located in or around Buffalo, New York.

4.      Defendant Budget Rent A Car System, Inc., is a foreign business corporation incorporated in the State of Delaware but registered to conduct business and actively conducting business at multiple rental car locations throughout the State of New York and including numerous locations in Buffalo, New York.

5.      Defendant Avis Budget Car Rental, LLC, is a foreign business limited liability company duly formed under the laws of the State of Delaware but registered to conduct business and actively conducting business at multiple rental car locations throughout the State of New York and including numerous locations in Buffalo, New York.

6.      Defendants are engaged in commerce and, furthermore, employs individuals engaged in the rental and transportation of vehicles for commerce and/or handling, selling, or working on vehicles that have been moved in or produced in commerce.  As such, Defendants are covered by the FLSA.

7.      Defendant, Christine M. Fontana Companies, LLC, operates a Budget/Avis rental car location which is supervised and controlled by Defendants Budget Rent A Car System, Inc. and Avis Budget Car Rental, LLC.

8. Upon information and belief, the policies, procedures, and specifically payroll practices of Defendant, Christine M. Fontana Companies, LLC are conducted within the specific instructions, supervision, direction and control of Defendants Budget Rent A Car System, Inc. and Avis Budget Car Rental, LLC.

9. The extent of the Defendants Budget Rent A Car System, Inc. and Avis Budget Car Rental, LLC control over the Budget/Avis locations operated by Defendant, Christine M. Fontana Companies, LLC, is extensive and mandates:

- Budget/Avis corporate signage be present at all locations, in all rental vehicles, and on all employees' uniforms;
- That all contracts and agreements signed by customers, employees, or third-party vendors, bear the "Budget/Avis" signage at the top; and
- Both Budget/Avis locations operated by Defendant, Christine M. Fontana Companies, LLC, have a designated corporate employee, Gary Dempsey, who works directly for Defendants Budget Rent A Car System, Inc. and Avis Budget Car Rental, LLC, and manages the day-to-day operations of both locations.

10. This Court has personal jurisdiction over the parties. The Plaintiffs and the parties they seek to represent are citizens of the State of New York and worked for the Defendants in the State of New York. Defendants do business in the State of New York and their conduct in the State of New York underlies all of the claims in this suit.

11. The Court has subject matter jurisdiction over the FLSA Claims pursuant to 28 U.S.C. § 216(b) and 28 U.S.C. § 1332.

12. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTS

14. The above-named Plaintiffs bring individual claims pursuant to the New York Labor Law and Plaintiff, Demont Ramseure, brings this collective FLSA action on behalf of himself and other individuals who, during any time during the past three years, worked for the Defendants at the Budget/Avis car rental business located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York which is owned and operated by the Defendants.

15. Upon information and belief, when Plaintiff Demont Ramseure was hired in approximately April of 2018 he was not provided the required New York State wage verification notice.

16. Upon information and belief, when Plaintiff Jarmar Paul was hired in approximately June of 2018 he was not provided the required New York State wage verification notice.

17. Plaintiffs job duties include detailing cars, driving cars between the Budget/Avis car rental business located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York, and customer service.

18. Throughout the Plaintiff Demont Ramseure's employ with Defendants from approximately April of 2018 to July 17, 2019 (when the Plaintiff went on leave), the Plaintiff on a typical week would work overtime exceeding forty hours worked for each pay period.

19. Plaintiff Demont Ramseure was never, from approximately April of 2018 to July 17, 2019, compensated at a premium overtime rate of one-and-a-half-times his base salary of $11.75 per hour.

20. Plaintiff, Demont Ramseure, was not, from approximately April of 2018 to July 17, 2019, paid for all hours worked.

21. From approximately April of 2018 to July 17, 2019, Defendants listed incorrect hours on Plaintiff Demont Ramseure's pay statements for his total hours worked.

22. From approximately April of 2018 to July 17, 2019 Defendants listed incorrect lower amount on Plaintiff Demont Ramseure's, statements for his total wages earned.

23. From approximately April of 2018 to July 17, 2019 Defendants listed incorrect absent amount on Plaintiff Demont Ramseure's, statements for his total overtime wages earned.

24. From approximately April of 2018 to July 17, 2019, Defendants listed incorrect hours on Plaintiff Demont Ramseure's pay statements for the his total hours worked.

25. Plaintiff, Jarmar Paul, was not, from approximately June of 2018 to July 17, 2019, paid for all hours worked.

26. From approximately June of 2018 to July 17, 2019 Defendants listed incorrect lower amount on Plaintiff Jarmar Paul's, statements for his total wages earned.

27. From approximately June of 2018 to July 17, 2019, Defendants listed incorrect hours on Plaintiff Jarmar Paul's pay statements for his total hours worked.

28. Upon information and belief, Defendants, Christine M. Fontana Companies, LLC, Avis Budget Car Rental, LLC, and/or Budget Rent A Car System, Inc., and/or Defendants' agents, employees, and/or designees were required to submit payroll time records for all of Defendants' employees, inclusive of Plaintiffs, at Defendants' Budget/Avis car rental businesses located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York, two times a month, for pay periods ranging from days 1 to 15, and 15 to 31 in any given month.

29. Upon information and belief, during the relevant statutory period, Defendants, Christine M. Fontana Companies, LLC Avis Budget Car Rental, LLC, and/or Budget Rent A Car

5

System, Inc., and/or Defendants' agents, employees, and/or designees improperly submitted payroll time for all of Defendants' employees, inclusive of Plaintiffs, at Defendants' Budget/Avis car rental businesses located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York, three days before the actual pay period closed.

30. Upon information and belief, Defendants, Christine M. Fontana Companies, LLC Avis Budget Car Rental, LLC, and/or Budget Rent A Car System, Inc., and/or Defendants' agents, employees, and/or designees would willfully and intentionally underreport their payroll submissions for all of Defendants' employees, inclusive of Plaintiffs, at Defendants' Budget/Avis car rental businesses located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York.

31. Upon information and belief, Defendants, Christine M. Fontana Companies, LLC Avis Budget Car Rental, LLC, and/or Budget Rent A Car System, Inc., and/or Defendants' agents, employees, and/or designees would willfully and intentionally fail to pay any overtime earnings of any of her employees, including Plaintiff Demont Ramseure, Defendants' Budget/Avis car rental businesses located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York, at a premium overtime rate as required by the New York State Labor Law and Fair Labor Standards Act.

32. The aforementioned conduct of Defendants, Christine M. Fontana Companies, LLC, Avis Budget Car Rental, LLC, and/or Budget Rent A Car System, Inc., and/or Defendants' agents, employees, and/or designees was intentional, willful, and recklessly performed with the intention of not compensating employees for all hours worked.

33. For example, a random sampling of Plaintiff Demont Ramseure pay statements and handwritten timesheets from March 1, 2019 to April 30, 2019 reveals the following unpaid wages: From March 1, 2019 to March 7, 2019:

6

| DATE RANGE | HOURS ACTUALLY WORKED | HOURS LISTED ON PAYSTUB | DIFFERENCE/SHORT |
|---|---|---|---|
| March 1, 2019 to March 15, 2019 | 97.00 | 84.00 | 13.00 |
| March 16, 2019 to March 30, 2019 | 109.50 | 103.50 | 6.00 |
| March 31, 2019 to April 15, 2019 | 105.75 | 99.75 | 6.00 |
| April 16, 2019 to April 30, 2019 | 92.25 | 85.25 | 7.00 |

34.  Upon information and belief, Plaintiff Jarmar Paul's pay statements, reveal the same level of wage manipulation which occurred each week he worked for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

35.  Plaintiff, Demont Ramseure, bring this FLSA claim on behalf of a collective consisting of all United States residents who, during any time within the past three years, worked for Defendants at the Budget/Avis car rental business located at 1477 Main Street, Buffalo, New York or 3470 Sheridan Drive, Amherst, New York and were not paid premium overtime when necessary or minimum wage for all hours worked.

36.  Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and other employees of Defendants, having worked pursuant to the common pay policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

37. Upon information and belief, approximately 50% of the Plaintiffs' work weeks during the relevant statutory period were near or above forty-hour work weeks.

38. Upon information and belief, on work weeks near or above forty-hour work weeks the Plaintiffs were not paid all overtime wages for overtime hours actually worked.

39. Upon information and belief, wage statements issued to the Plaintiffs and collective action members during weeks of wage manipulation were not accurate wage statements.

## FIRST CAUSE OF ACTION:
## New York Labor Law – Wage Theft

40. All previous paragraphs are incorporated as though fully set forth herein.

41. As a direct and proximate cause of Defendants' acts Defendants willfully violated the New York Labor Law and Plaintiffs have suffered damages pursuant to Article 6 of the New York Labor Law, including N.Y. LAB. LAW §§ 160, 190(8), and 191 *et seq.* as well as 12 N.Y. COMP. CODES R. & REGS.142-2.1 and 12 N.Y. COMP. CODES R. & REGS.142-2.2.

42. These Plaintiffs' claims, described herein, include that in violation of the New York Labor Law, that Plaintiffs did not receive payment of all wages, including but not limited to, overtime wages (for Plainiff Demont Ramseure only), minimum wages, and pay for all hours worked.

43. Plaintiffs are entitled to actual damages, liquidated damages in the amount of 100% of the unpaid wages, as provided for by N.Y. LAB. LAW § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## SECOND CAUSE OF ACTION:
## New York Labor Law § 195 –Record-Keeping Requirement Violation

44. All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

45. Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. LAB. LAW § 195, in English or in the language identified by Plaintiffs as their primary language, containing their rate or rates of pay and basis thereof, whether paid by hour shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. LAB. LAW § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

46. Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. LAB. LAW § 195, containing the dates of work covered by that payment of wages and accurately reflecting all hours worked; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

47. Plaintiffs and the other similarly situated employees are entitled to damages of $50.00 for each workweek that Defendants failed to provide accurate wage statements, or a total of $5,000.00, as provided for by N.Y. LAB. LAW § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### THIRD CAUSE OF ACTION:
### Fair Labor Standards Act – Failure to Pay Overtime Wages

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Plaintiff, Demont Ramseure, routinely worked in excess of forty (40) hours per workweek for Defendants.

9

50. Defendants failed to pay Plaintiff, Demont Ramseure, at the rate of one-and-a-half times his regular rate of pay for all hours worked in excess of forty (40) hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

51. Plaintiff, Demont Ramseure, is entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b). The failure of Defendants to compensate Plaintiff and the members of the Plaintiff collective action for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

52. Plaintiff is also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to him under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. §216(b).

53. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION:
### Breach of the Implied Covenant of Good Faith and Fair Dealing

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Defendants willfully violated their obligations under the common laws and state laws of New York by breaching the implied covenant of good faith and fair dealing.

56. As a direct and proximate cause of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages.

## FIFTH CAUSE OF ACTION:
### Unjust Enrichment

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Defendants have been financially enriched by willfully failing to pay the Plaintiffs for all hours worked.

59.   The financial enrichment enjoyed by Defendants has come at the expense of Plaintiffs, all of whom have not been paid for all hours worked.

60.   It is against equity and good conscience to permit Defendants to retain such unpaid wages.

61.   Defendants should be required to reimburse Plaintiffs for such unpaid wages under the doctrine of unjust enrichment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment containing the following relief:

A. An award of damages, according to proof, including back pay, prejudgment interest, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

C. Designation of Plaintiff, DEMONT RAMSEURE, as Representatives of the FLSA Collective Plaintiffs;

D. An order declaring Defendants have violated the provisions of the New York Labor Law relating to payment of wages, including but not limited to, overtime wages, minimum wages and pay for all hours worked;

E. An order declaring Defendants have violated the provisions of the New York Labor Law requiring Defendants to supply Plaintiffs with an accurate statement of wages;

F. An order declaring Defendants have violated the provisions of the Fair Labor Standards Act relating to payment of overtime;

G. Penalties available under applicable laws;

H. Costs of action incurred herein, including expert fees;

I. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. Law § 663(4), and other applicable statutes;

J. Pre-judgment and post-judgment interest, as provided by law; and

K.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

Date: January 9, 2020

> Respectfully,
>
> /S/ SAMUEL A. ALBA_____
> Samuel Alba, Esq.
> FRIEDMAN & RANZENHOFER, P.C.
> 74 Main Street
> PO Box 31
> Akron, NY 14001
> (716)-542-5444
>
> Scott J. Bogucki, Esq.
> GLEICHENHAUS, MARCHESE, & WEISHAAR, P.C.
> 930 Convention Tower
> 43 Court Street
> Buffalo, New York 14202
> (716) 845-6446